[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
On April 18, 2000, the Department of Children and Families (DCF) filed a neglect petition in this Court on behalf of Ashley W born May 1984. On September 15, 2000, DCF requested and was granted permission to amend the petition to include an allegation of "Uncared for — Homeless" in addition to the neglect allegations. One of the neglect allegations states that the child has been abused and has a condition which is the result of maltreatment such as, but not limited to, malnutrition, sexual molestation, deprivation of necessities, emotional maltreatment or cruel punishment.
Ashley testified that her father touched her inappropriately on three separate occasions while he apparently thought she was asleep. This touching included her breasts and several unsuccessful attempts to touch her vagina, thwarted because she intentionally rolled over while still pretending to be asleep. These events occurred sometime within two years of her disclosure in September, 1997.
Ashley went to live with her maternal grandmother, Pearl D within a month or two of that time at the request of Ashley's mother. The request was made so that father could return to the family home. Mother did not believe Ashley and offered no emotional support at that time. She had virtually no communication with Ashley during this time immediately after the disclosure and before father returned to the home. The move to Pearl D's home was done on a voluntary basis and mother and father voluntarily gave up guardianship through the Probate Court to maternal grandmother. Thereafter, grandmother inadvertently allowed her one-year guardianship to lapse. However, Ashley continued to live with her grandmother on a voluntary basis until mother and father began to seek her return through means discussed below. This attempt coincided with an order from the Family Support Magistrate increasing the AFDC payment of $330 a month to CT Page 12138 about $400 a month. Prior to these State-enforced collections the parents paid very little support to Pearl D and there was virtually no communication between parents and Ashley. To this day, Ashley refuses to speak to her father, and her mother never calls.
As noted above, after support payments became an issue, the parents brought a custody action in the Superior Court, JD Hartford (presently on hold pending this decision) and, prior to the hearing in the Superior Court for Juvenile Matters, they filed a petition in this Court for Juvenile Matters seeking Ashley's emancipation. When asked by the Court if they wanted to pursue that petition they responded in the affirmative. Upon hearing the evidence in this case, that emancipation petition is hereby denied since the granting of it would not be in Ashley's best interest. An alternative placement suggested by her parents is her paternal grandmother. Paternal grandmother has had almost no contact with Ashley during this trying time in her life from 1997 to the present. Ashley has no desire to live with her paternal grandmother.
The testimony and record are devoid of any credible evidence of love and affection for Ashley by her parents. There is adequate evidence that the parents are motivated to seek Ashley's return for financial reasons and abundant evidence that Ashley does not want to go home to them and would probably run away if ordered to do so. Ashley is sixteen years old. Mother never believed her at the time of the disclosure and did nothing to comfort her during the time of disclosure. She still does not believe her. Ashley was a credible witness who clearly expressed her desire to continue to live with Pearl D She was forthright in her admission that she had engaged in some serious illegal drinking while living with her grandmother several years ago but has reversed this transgression and is currently doing all that is expected of her. She is doing well in high school.
Attempts by the parents to discredit Pearl D or her living arrangements were not successful at trial. The attorney appointed in the Probate Court for the District of Enfield to represent Ashley testified to horrific conditions present in her home which were convincingly refuted by the DCF social worker, Ashley, Pearl D and Attorney Thatcher, attorney for Ashley in this child protection matter. This court is satisfied that although the house may not be as kempt as it might be, it is adequate as a home for Ashley, who clearly wants to be there with her grandmother. Supervision in this household is adequate for Ashley's needs. Additionally, her rapidly advancing maturity, as demonstrated by her overcoming her drinking issue and clearly taking charge of her life, assures her success in this placement.
This Court finds, by a fair preponderance of the evidence, that a CT Page 12139 transfer of guardianship of Ashley to Pearl D is in Ashley's best interest and that Pearl D is suitable and worthy to assume this role again. The Court further finds that it would not be in Ashley's best interest to return to the residence of her father who molested her, with whom she wants no contact, where she is fearful, and where, for her, trust, love and nurturing are in tragically short supply. The State has sustained its burden of proof on the grounds of neglect and Ashley is adjudicated neglected. Custody and guardianship of Ashley are transferred to Pearl D.
By the Court,
Mack, J